IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRAEME PIERSON | § | |
| | § | |
| V. | § | A-13-CA-115 SS |
| | § | |
| MICHAEL PEARCE, WARDEN, | § | |
| FCI BASTROP | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

Before the Court is Graeme Pierson's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Clerk's Dkt. No. 1). The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.  GENERAL BACKGROUND

On August 16, 2007, Graeme Pierson, ("Petitioner"), was convicted by a jury of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), and attempting to induce a child to engage in criminal sexual activities, in violation of 18 U.S.C. § 2422(b). On February 8, 2008, Pierson was sentenced to 300 months imprisonment by the Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa. He appealed the sentence, which was affirmed by the Eighth Circuit. *U.S. v. Pierson*, 544 F.3d 933 (8th Cir. 2008) *cert. denied.* 129 S.Ct. 2431 (2009). Pierson filed a Motion to Vacate, Set Aside or Correct Sentence with the Sentencing Court on May 26, 2010. *Pierson v. United States*, Civ. No 10-CV-237-REL (S.D. Ia. 2011). The United States District Court for the Central Division for the Southern District of Iowa denied

Petitioner's § 2255 on May 5, 2011. *Id.* Petitioner, who is currently incarcerated in Bastrop, Texas, has now filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this District.

## II.  ANALYSIS

Petitioner's Writ alleges that neither he nor his trial counsel was notified before trial that his sentence could be enhanced based upon a prior conviction of indecent contact with a minor; he was denied the opportunity to respond to the United States Attorney's claims regarding enhancement of his sentence; he was not given notice that he could oppose the sentence enhancement; and the District Court improperly used a prior conviction to enhance his sentence. Generally, he alleges that the conviction occurred in 1987, and thus was "passed [sic] its probative value."

Because Petitioner is attacking errors that occurred at or prior to his sentencing, his claims are outside the proper scope of a § 2241 petition. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). In contrast, § 2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452. This Court lacks jurisdiction to construe the instant petition as a § 2255 petition, however, because the Eighth Circuit has not granted petitioner authorization to file a successive § 2255 petition. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (holding that district court lacked jurisdiction to construe a § 2241 petition as a § 2255 motion because petitioner had not received prior authorization from the court of appeals to file a successive § 2255 motion). In addition, a § 2255 motion must be filed in the court in which the petitioner was convicted and sentenced, which in this case would be the United States District Court for the Southern District of Iowa. *See Benson v. Justice*, 511 F.3d 486,

487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a § 2255 motion, where prisoner was sentenced in a different district); *Ojo*, 106 F.3d at 683 (noting that only sentencing court has jurisdiction to address § 2255 motion).  For these reasons, the Court does not have jurisdiction to construe Petitioner's § 2241 motion as a § 2255 motion.

The Court may nevertheless address Petitioner's claims through the so called "savings clause" provision of § 2255 if Petitioner can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy.  *Benson*, 511 F.3d at 487.  A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903.  The Petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452.

Petitioner argues that a motion under § 2255 is not an adequate remedy because the trial court enhanced his sentence with a prior conviction he deems without probative value.  He claims that because of this, his sentence is "illegal."  While he claims "actual innocence," in lip service to *Reyes-Requena*, Pierson fails to point out a retroactively applicable Supreme Court decision establishing his innocence.  Thus, Petitioner has failed to sustain his burden to demonstrate that § 2255 is an "inadequate" or "ineffective" remedy.  Accordingly, Petitioner's § 2241 Petition should be dismissed for lack of jurisdiction.

### III. RECOMMENDATION

The undersigned RECOMMENDS that the District Court DISMISS Petitioner Graeme Pierson's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1) for lack of jurisdiction

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of March, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE